UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROLAND BURNS | CIVIL ACTION NO. 05-1783 |
| versus | JUDGE WALTER |
| WALTER MAY, JR., ET AL. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Roland Burns ("Plaintiff") filed this Section 1983 complaint based on two arrests and related proceedings. The first incident began with an arrest by the Claiborne Parish Sheriff for first degree murder and armed robbery. Plaintiff alleges that he was indicted, detained for over 21 months, and eventually released after the district attorney dismissed the charges without prejudice. Plaintiff names as defendants the district attorney for the district that includes Claiborne Parish, the Claiborne Parish District Attorney's Office, the Claiborne Parish Sheriff, the Claiborne Parish Sheriff's Department, and "the Parish of Claiborne."

Before the court is an unopposed Motion to Dismiss (Doc. 18) filed by the Claiborne Parish Police Jury ("Police Jury"), which represents that it is the entity erroneously referred to in the complaint as the Parish of Claiborne. The Police Jury first notes that only those allegations in the complaint regarding the arrest in Claiborne Parish mention the Police Jury. The other arrest about which Plaintiff complains occurred in Bienville Parish, and the related allegations are aimed at Bienville Parish officials and alleged entities.

The Police Jury points out that it is an independent political subdivision created by the State constitution, and the office of sheriff is a separate, elected constitutional office that is wholly independent of the police jury. The Police Jury further represents that it does not engage in law enforcement activities and may not be held vicariously liable for the acts of the sheriff or his deputies. And the Police Jury represents that it has no legal right or duty to interfere with the sheriff or to direct the sheriff concerning law enforcement functions such as arrests or detention of prisoners. Finally, the Police Jury explains that the district attorney has charge and control of criminal prosecutions without regulation by the parish. The memorandum in support of the motion to dismiss cites several Louisiana statutes, constitutional provisions and court decisions that govern and explain the roles and powers of the relevant political bodies.

The motion to dismiss was noticed for briefing, but Plaintiff did not file any timely opposition. Given the lack of opposition and the absence of any readily apparent basis for the imposition of liability on the Police Jury for the acts alleged in the complaint, the motion to dismiss should be granted.

Plaintiff has also sued the Claiborne Parish Sheriff's Department and the Bienville Parish Sheriff's Department. A Sheriff's Office or Sheriff's Department is not a legal entity capable of being sued under Louisiana law, so is not a proper party under Fed R. Civ. P. 17(b). Cozzo v. Tangipahoa Parish Council- President Government, 279 F.3d 273, 283 (5th Cir. 2002); Martinez v. Larpenter, 2005 WL 3549524, *5 (E.D. La. 2005). The sheriff,

himself, is a proper defendant, and Plaintiff has named both individual sheriffs as defendants. Plaintiff is encouraged to dismiss voluntarily the claims against the "Claiborne Parish Sheriff's Department" and the "Bienville Parish Sheriff's Department" to avoid unnecessary motion practice with respect to those named defendants, unless Plaintiff has a good faith legal basis for pursuing claims against those alleged entities.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 18)** be **granted** and that all claims against the Claiborne Parish Police Jury be **dismissed** for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 9th day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE