UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROLAND BURNS                          CIVIL ACTION NO. 05-1783

versus                                JUDGE WALTER

WALTER MAY, JR., ET AL.               MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Roland Burns ("Plaintiff") filed this Section 1983 complaint based on two arrests and related criminal proceedings. The first arrest, by the Claiborne Parish Sheriff, was for first degree murder and armed robbery. Plaintiff alleges that he was indicted, detained for over 21 months, and eventually released after the district attorney dismissed the charges without prejudice. Plaintiff names as defendants the district attorney for the district that includes Claiborne Parish, the Claiborne Parish District Attorney's Office, the Claiborne Parish Sheriff, the Claiborne Parish Sheriff's Department, and the Parish of Claiborne.

The second arrest occurred in Bienville Parish, after Plaintiff was asked to come in for questioning by the Sheriff regarding a burglary. Plaintiff alleges that there was no incriminating evidence against him, but the Arcadia Police Department nonetheless jailed him for several days before releasing him. Plaintiff alleges he was never charged with a crime. Plaintiff names as defendants the district attorney for the district that includes

Bienville Parish, the Bienville Parish Sheriff, the Bienville Parish Sheriff's Department, the Parish of Bienville and the Arcadia Police Department.

Before the court is a Motion to Compel (Doc 26) that asks the court to order Plaintiff to provide discovery responses or, alternatively, dismiss Plaintiff's complaint. A review of the history of this litigation, set forth below, demonstrates that dismissal is appropriate.

**Procedural History**

Plaintiff filed his complaint in October 2005 and, during the following two months, filed service returns for several but not all of the defendants. The Claiborne Parish Police Jury responded with a motion to dismiss on the grounds that it is an independent political subdivision separate from the sheriff and not engaged in the law enforcement activities described in the complaint. Plaintiff did not file any opposition to the motion, and it was granted.

The Report and Recommendation that led to the dismissal of the Claiborne Parish Police Jury noted that the Claiborne Parish Sheriff's Department and Bienville Parish Sheriff's Department are not legal entities capable of being sued; Plaintiff was encouraged to dismiss those defendants voluntarily to avoid unnecessary motion practice. Plaintiff did not take any action in response to that suggestion.

In May 2006, after the complaint had been pending approximately seven months, the clerk of court issued a notice of intent to dismiss the claims against Bienville Parish, Arcadia Police Chief Victor Rogers, and the Arcadia Police Department, all for lack of timely service.

Plaintiff did not respond to the notice, and the clerk later dismissed the action against those defendants, subject to Plaintiff's ability to seek reinstatement within thirty days. Plaintiff took no timely action to reinstate the claims.

As those events were occurring, several of the defendants (Walter May, Jr., District Attorney for Claiborne and Bienville Parishes; Claiborne Parish District Attorney's Office; Claiborne Parish Sheriff Ken Bailey; and Bienville Parish Sheriff John Ballance) filed an answer (Doc. 21) and served on January 26, 2006 interrogatories and requests for production of documents. The written discovery requests sought basic information about Plaintiff, the facts that he contended would support his claims, and the nature and extent of damages claimed by Plaintiff. Movants contend that Plaintiff never responded to the discovery requests. Attached to the motion to compel are copies of letters dated March 3, March 21, April 20 and May 9, 2006, all reminding Plaintiff's counsel that his responses to the discovery requests were past due. The final letter advised counsel that a motion to compel would be filed if responses were not provided within seven days.

Counsel for movants certify in the motion to compel that they have attempted to amicably resolve the matter by attempting to confer with counsel for Plaintiff, but counsel for Plaintiff has not responded to letters or returned movants' counsel's phone call. See Local Rule 37.1 (requiring, before a discovery related motion can be filed, that counsel for movant certify that he has conferred in person or by telephone in an effort to amicably resolve the dispute, or explain that opposing counsel has refused to confer after reasonable notice).

**Analysis**

If a party fails to serve answers or objections to interrogatories or serve a written response to a request for production of documents, after proper service of the request, the court may make such orders in regard to the failure as are just, including dismissing the action. Fed. R. Civ. P. 37(d). Some of Plaintiff's claims may be barred by prescription if the case is dismissed without prejudice, so the effect of such a dismissal would be the same as a dismissal with prejudice (as to any time-barred claims). <u>Sealed Appellant v. Sealed Appellee</u>, ___ F.3d ___, 2006 WL 1586633 (5th Cir. 2006). Dismissal with prejudice for discovery failures may be warranted if: (1) the refusal to comply results from wilfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. <u>FDIC v. Conner</u>, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

Dismissal, even considering the harsh consequences, is appropriate in this case. There is a clear record of Plaintiff taking no action whatsoever since the filing of the complaint and the service of it on some defendants. Plaintiff has failed to respond to the discovery requests and the several related letters from defense counsel, and he has also failed to respond to a single court order or notice, including the notice of the potentially case-dispositive motion that is now before the court. There is no direct evidence as to whether the fault lies with Plaintiff or his counsel, but Plaintiff is bound by the acts of his attorney. <u>Sealed Appellant,</u>

2006 WL 1586633, *3. The failure of Plaintiff to provide movants with the basic information requested  about his claims and alleged damages prejudices the ability of the movants to defend this case.  Given the complete lack of response by Plaintiff to the discovery requests and the motion before the court, there is no reason to believe that a less drastic sanction would result in his compliance with his discovery obligations and deter similar failures in the future.  A consideration of all the relevant factors indicates that a dismissal with prejudice is appropriate.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Compel (Doc. 26)** be granted by dismissing Plaintiff's complaint with prejudice.

<u>**Objections**</u>

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 19th day of July, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE